### AURILIO, Plaintiff-Appellee, v. YOUNGSTOWN (City), Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4068.  Decided December 22, 1959.

William A. Ambrose, Youngstown, for plaintiff-appellee.
Felix S. Mika, Law Director, Youngstown, for defendant-appellant.

### OPINION

Per CURIAM.

In an action for declaratory judgment brought by plaintiff against defendant, City of Youngstown, with whom plaintiff and his associate engineers, Consoer, Townsend and Associates, had entered into a written contract for professional services, the trial judge under date of January 30, 1959, held:—

"That the said contract was cancelled by mutual consent of the parties, without any reservation by either party as to any rights or obligations in the remainder of the contract, before any work was done under Division C of the said contract;

"That the cancellation having taken place after services were rendered under Division A, and Division B, the amount due thereunder was fixed at the time of the cancellation;

"That there is due the plaintiff, under Division A of the contract one percent of the estimated construction cost, as estimated by the engineers and approved by the City up to the time of the cancellation;

"That there is due the plaintiff, under Division B of the contract, three and one-half per cent of the estimated construction costs as determined under this Division B—Part 1, up to the time of cancellation.

"Answering the questions propounded on page 4 of the petition:

"1. The plaintiff is to be paid on the basis of the estimated construction costs under Division A and Division B.

"2. There is due and owing to plaintiff the difference between the percentages due plaintiff computed as against the estimated costs and the actual costs, less credits paid on the contract; that the balance earned by, and unpaid to plaintiff under said Divisions is $8,113.34.

"The court further finds that, under §2721.09 R. C., further relief

may be given, and that the application therefor shall be by petition to a court having jurisdiction to grant the relief."

After the trial judge entered judgment upon his finding in the declaratory judgment action plaintiff filed a petition for further relief under the declaratory judgment finding under the provisions of §2721.09 R. C. The trial judge then ordered the city to show cause why further relief should not be granted plaintiff. Defendant then filed a memorandum with exhibits attached on the question of whether further relief should be granted plaintiff or final judgment entered.

Upon full hearing had on May 11, 1959, the trial judge entered judgment for plaintiff for $8,113.34 with interest at six percent per annum from January 17, 1956, together with costs.

Defendant appealed on questions of law from the findings and decrees of the trial judge dated January 30, 1959, and May 11, 1959, and from the order of May 12, 1959, overruling defendant's motion for new trial. The notice of appeal was filed under date of May 15, 1959.

Under Division A of the contract the joint venturers were to perform "preliminary engineering services," which are enumerated. Under Division B, they were to: (1) Prepare complete designs, contract drawings, specifications and proposal forms. (2) Submit contract drawings, specifications and contract documents for approval by the City. (3) Prepare detailed estimates of the quantities and probable construction costs of all elements of the improvement. (4) Superintend necessary physical and chemical analyses, test borings, test pits, soil analyses, tests for capacity of bearing power of soils, driving of test piles, and making of stream or lake soundings, and any similar operations which may be needed to obtain data for the proper design of the various features of the work. (5) Supply copies of plans and specifications. (6) Keep the city informed as to the design features of the proposed improvements and attend necessary conferences. Under Division C the engineers were to perform general supervision of construction.

The fees provided for in the contract under the various divisions of the contract are as follows:—

Division A:—

"For the services rendered by the engineers under Division 'A,' payment shall be one percent (1%) of the estimated construction costs * * *."

Division B, Part I:—

"* * * the fee shall be three and one-half percent of the estimated construction cost as determined under this Division 'B'—Part I. * * *."

Division C:—

"* * * the fee shall be one and one-half percent of the construction costs, payable monthly until a total of six percent of the actual construction cost has been paid the engineers, which six percent is payment for services performed under Division 'A,' Division 'B' and Division 'C' of this agreement."

Defendant claims that since the engineers performed no services under Division C, and the contract was cancelled before they could perform any, the one and one-half percent by agreement of the parties, was deducted from the six percent leaving four and one-half percent.

510

Thereafter, defendant claims, payment was made on that basis, and it represented four and one-half per cent of the actual construction costs of the low bid.

In his opinion filed in the action for declaratory judgment the trial judge said:—

"As stated, after the completion of the work under Division A and Division B, the contract was cancelled by the parties voluntarily and by mutual consent as disclosed by the evidence; and this cancellation was done without any reservation by either party as to any rights or obligations in the remainder of the contract; the cancellation, having taken place after the services were rendered under Division A and Division B, the amount due thereunder was therefore fixed at the time of the cancellation, there being no reservation of any further interest in the contract by either party; there was nothing to carry Division C into operation from that time on; The entire contract ceased to exist after the cancellation and what was due at that time is the amount of the obligation as determined by the formula laid down in Division A and Division B.

"The contract shows on its face that the limitation of Division C has inherent within it, the fact that the engineers shall do the work set forth in Division C: Not being given the opportunity to do the work set forth in Division C, the six percent limitation has no effect."

Arguing errors one and two that the findings of the court in the proceedings for declaratory judgment are contrary to law and the evidence, counsel for defendant say by brief:—

"At the original hearing in the proceedings for declaratory judgment, defendant-appellant contended that the Division C is a limitation on the amount to be paid under Division A and Division B, and that contention is respectfully presented to this reviewing court. Consequently, it is urged that the interpretation of the contract and the findings by the trial court were erroneous."

Counsel for defendant claims the following questions are presented:—

"1. What was the method of payment to be after the contract for the project had been let; that is, was it still on a basis of estimated construction costs, or was it, on a basis of actual construction costs?

"2. Did the joint venturers by cashing the check for $6,826.77 (defendant's Exhibit No. 1), after payment on a check for $14,940.11 (defendant's Exhibit No. 4) had been stopped, accept that check as payment of the balance due and thus come under the principle of accord and satisfaction?

"3. In the event that any balance was due, did Mr. Aurilio have a valid agreement?"

There is evidence that plaintiff and his associates completed their work under Divisions A and B, but did no work under Division C. Plaintiff testified they estimated the costs at $1,059,000; that they were to be paid one percent under Division A, and that their fee was $10,597.80. Plaintiff then testified they were to be paid three and one-half percent under Division B and that their fee was $37,092.13. Defendant claims that under the foregoing computation the total compensation was

$47,690.11; that the city paid from time to time $39,576.77, so that there was a balance of $8,113.34. Plaintiff testified that when the total compensation amounted to $47,690.11, there was a balance of about $14,000.00; hence it appears that a subsequent payment reduced the balance plaintiff claimed to $8,113.34.

The check for $6,826.77, which was received and endorsed by and sent to his associate venturers, was delivered to the joint venturers because an earlier check sent them for $14,940.11, on which payment was subsequently stopped by defendant's Finance Director, substantially overpaid the amount due. The check for $14,940.11 was based on estimated costs. The check for $6,826.77 was based upon actual costs.

Defendant contends that the trial judge erred to his prejudice in admitting in evidence, over his objection, a purported assignment of the contract between the City of Youngstown and the joint venturers without verification of the signature of the purported assignment.

The action was not brought by Consoer, Townsend and Associates, of Chicago, and Anthony S. Aurilio, of Youngstown, the engineers and joint venturers. The action was brought by Anthony S. Aurilio as an individual and as an assignee of a balance claimed by him, but not claimed by Consoer, Townsend and Associates.

Division E of the agreement entitled "implementation of agreement" provides in part:—

"The city and the engineers each bind themselves, their partners, successors, executors, administrators, and assigns to the other party to this agreement, and neither the city nor the engineers shall assign, sublet, or transfer his interest in this agreement without the written consent of the others."

The assignment, plaintiff's Exhibit B, provides:—

"Know all men by these presents, that Consoer, Townsend and Associates, a co-partnership, of Chicago, Illinois, for and in consideration of the sum of Ten Dollars and other good and valuable considerations has sold, assigned, transferred and set over, and by these presents do sell, assign, transfer and set over unto Anthony S. Aurilio, of Youngstown, Ohio, his executors, administrators and assigns, to him and for their own use and benefit all right, title, claims and interest which said Consoer, Townsend and Associates, a co-partnership, has or may have in a certain contract for engineering services rendered the City of Youngstown, Ohio, a municipal corporation, by said Consoer, Townsend and Associates and said Anthony S. Aurilio as joint venturers.

"And the said Consoer, Townsend and Associates does hereby give the said Anthony S. Aurilio, his executors, administrators and assigns, the full power and authority, for them and their claim, but at the sole expense of said Anthony S. Aurilio, to take such legal measures which may be proper or necessary for the recovery of any right or claim hereby assigned. * * *."

In order to prove an assignment, it is not sufficient to introduce a document purporting to be an assignment and then rest when objection is made. See Walsh v. Barton, 24 Oh St 28; Garrett v. Hanshue et al, 53 Oh St 482, 493; and Steinle v. Cincinnati, 142 Oh St 550. See also 17 O. Jur., Section 495, Page 601; and 21 O. Jur. (2nd), Section 546, Page 565.

Defendant argues that a writing, such as the purported assignment here considered, must be proved by the subscribers, the obligor, the signer, or the officer before whom it was executed. Defendant contends the purported assignment (plaintiff's Exhibit B) was not verified and not authenticated, and it was introduced over defendant's objection, and therefore the admission was erroneous.

In the case of **Steinle v. City of Cincinnati, 142 Oh St 550,** the fifth paragraph of the syllabus reads:—

"An instrument purportedly assigning a claim for damages is not admissible in evidence, over objection, in the absence of preliminary proof as to its execution and authenticity."

At page 555 the court said:—

"Plaintiff can derive no benefit from the purported assignment * * * of the claim for damages. In the first place, §11241 GC, requires that 'an action must be prosecuted in the name of the real party in interest.' * * * In the second place, if the assignment may be accorded effect on any basis, it is not properly in evidence over the defendant's objection. As a condition precedent to its admission, proof was required as to its execution and authenticity, which was not furnished. **17 O. Jur., 601, Section 495; Walsh v. Barton, 24 Oh St 28, 41;** 20 American Jurisprudence, 776, Section 922; 32 Corpus Juris Secundum, 476, Section 625."

In his seventh assignment of error defendant contends that the trial court erred to its prejudice in entering final judgment for plaintiff notwithstanding accord and satisfaction.

Defendant contends that in its answer it denied that any balance was due Mr. Aurilio, and in its memorandum in the proceedings for further relief defendant specifically requested that before entering final judgment in favor of plaintiff the court consider the issue of accord and satisfaction.

Defendant contends that whether or not accord and satisfaction was formally pleaded the evidence clearly showed a disputed claim and the acceptance by the joint venturers of a check in the amount tendered by the defendant.

From the foregoing it appears that the only questions of importance before us are assignments of error number three and number seven.

Assignment number three pertains to the introduction in evidence of the purported assignment, and we find there was sufficient verification of the signatures for the admission of the same.

Assignment number seven brings in the question of accord and satisfaction. From a careful analysis of the record we find and determine that there was no accord and satisfaction as urged by the defendant.

We are unable to say that the trial court committed error that was prejudicial to the defendant's rights as urged in its eight assignments of error, and the judgment of the trial court is hereby affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.